IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CR-194-F-1
5:13-CV-634-F

| | | |
|---|---|---|
| KEDRICK ANTONIO MASSENBURG, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the petition (D.E. 39) by pro se petitioner Kedrick Antonio Massenburg ("petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("petition" or "motion") and the government's motion (D.E. 43) to dismiss the petition. Also before the court is petitioner's motion (D.E. 51) to amend his petition. These matters have been fully briefed[1] and were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings ("§ 2255 Rules"). (*See* D.E. dated 12 May 2015). For the reasons stated herein, it will be recommended that petitioner's motion to amend be denied, that the government's motion to dismiss be granted, and that the petition be dismissed.

---

[1] Petitioner filed a memorandum (D.E. 39-1 at 1-16) in support of the petition, which was accompanied by petitioner's declaration (D.E. 39-1 at 17-18) and four exhibits (D.E. 39-2). The government filed a memorandum (D.E. 44) in support of its motion to dismiss, and petitioner filed a response in opposition (D.E. 50-1). Petitioner's motion to amend included an incorporated memorandum in support. The government did not file a response to the motion to amend.

## BACKGROUND

### I. PETITIONER'S CONVICTION AND APPEAL

On 2 August 2007, petitioner was indicted (D.E. 1) for one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On 16 October 2007, petitioner entered a plea of guilty (*see* D.E. 17) without a plea agreement. Petitioner's presentence investigation report ("PSR") found him to be subject to an enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three prior North Carolina drug-trafficking convictions. (*See* PSR ¶ 57 (citing convictions at PSR ¶¶ 6-8)). The sentence for one of the convictions was consolidated with the sentence for another conviction. (*See* PSR ¶ 8). The PSR gave the advisory guideline range as 180 to 210 months based on the mandatory minimum term of imprisonment of 15 years under the ACCA. (*See* PSR ¶¶ 61, 62). On 25 March 2008, the court sentenced petitioner to a term of 210 months' imprisonment and 5 years' supervised release. (J. (D.E. 26) 1-3).

Petitioner appealed his conviction on the grounds that, at the time he entered his plea, the district court failed to advise him that he could face a 15-year mandatory minimum penalty under the ACCA if he had the prior qualifying convictions. *See generally United States v. Massenburg*, 564 F.3d 337 (4th Cir. 2009). The Fourth Circuit found that petitioner had failed to object to this error below, and, accordingly, reviewed the issue under the plain error standard of review. *Id*. at 342. While the Court found that the district court's failure to advise petitioner of the 15-year mandatory minimum violated Rule 11(b)(1)(I), it further found that petitioner had failed to satisfy his burden of demonstrating that but for the error, he would not have pleaded guilty. *Id*. at 343. Accordingly, petitioner's conviction was affirmed. *Id*. at 346.

# APPLICABLE LEGAL PRINCIPLES

## I. STANDARD OF REVIEW FOR § 2255 PETITIONS

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. 25 Oct. 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is

not entitled to relief." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

**II.     MOTIONS TO DISMISS UNDER RULE 12(b)(6) IN § 2225 PROCEEDINGS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a § 2255 motion. *See United States v. Reckmeyer*, No. 89-7598, 1990 WL 41044, at *4 (4th Cir. 2 Apr. 1990); Rule 12, § 2255 Rules (expressly permitting application of the Federal Civil Rules where "they are not inconsistent with any statutory provisions or these [§ 2255] rules"); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions"); *see also Walker v. True*, 399 F.3d 315, 319 (4th Cir. 2005) (vacating district court's order allowing the government's motion to dismiss petitioner's motion under 28 U.S.C. § 2254 ("§ 2254")[2] because the district court did not properly apply the Rule 12(b)(6) standard when it failed to assume all facts pleaded by petitioner to be true and considered material not included in the petition).

A motion to dismiss should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged pleading. *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435,

---

[2] The Federal Rules of Civil Procedure may also be applied to § 2254 motions. *See* Rule 12, Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 81(a)(4).

440 (4th Cir. 2011) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Kolon Indus., Inc.*, 637 F.3d at 440 (citing *Nemet Chevrolet Ltd.*, 591 F.3d at 253). However, case law requires that the factual allegations create more than a mere possibility of misconduct. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Iqbal*, 556 U.S. at 679). The allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Likewise, a pleading purporting to assert a claim is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)).

### III.  MOTIONS TO AMEND UNDER RULE 15 IN § 2225 PROCEEDINGS

As previously discussed, § 2255 proceedings are, in general, governed by the Federal Rules of Civil Procedure. *See* Rule 12, § 2255 Rules; Fed. R. Civ. P. 81(a)(4). Moreover, 28 U.S.C. § 2242 specifically provides that a § 2255 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also United States v. MacDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011) ("Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the [§ 2255 Rules].").

Where, as here, more than 21 days have passed after service of the government's motion to dismiss, Rule 15(a)(2) permits amendment of the petition only with the government's written consent or leave of court. The rule further provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 is a "liberal rule [that] gives effect to the

federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Intown Props. Mgmt., Inc. v. Transcom, Ins. Co.*, 271 F.3d 164, 170 (4th Cir. 2001) (holding that Rule 15 should be construed liberally "so that claims can be adjudicated on the merits"). Leave to amend is to be granted in the absence of "bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (internal citations omitted). An amendment is deemed to be futile if it would not withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (holding that if an amended complaint could not withstand a motion to dismiss, the motion to amend should be denied as futile).

Where proposed amendments to a § 2255 petition are submitted after expiration of the applicable statute of limitations, such amendments may be permitted pursuant to Rule 15(c) where they "relate back" to the claims in the original petition. *See* Fed. R. Civ. P. 15(c). Under Rule 15(c)(1)(B), it must be shown that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.*(c)(1)(B). "The fact that amended claims arise from the same trial and sentencing proceeding as the original [petition] does not mean that the amended claims relate back for purposes of Rule 15(c)." *Pittman*, 209 F.3d at 318; *see also Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000) (holding that an untimely § 2255 claim "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings"). Rather, "in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate

occurrence in 'both time and type.'" *Davenport,* 217 F.3d at 1344 (internal citations and quotations omitted).

IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id*. at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Id*. In the sentencing context, "[p]rejudice exists when an error results in a longer sentence than would otherwise have been imposed. *United States v. Smith*, 497 F. App'x 269, 272 (4th Cir. 2012). With respect to a guilty plea, a petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## DISCUSSION

I.    ABSENCE OF NEED FOR AN EVIDENTIARY HEARING

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

## II. THE § 2255 PETITION

On 3 September 2013, petitioner filed the instant petition in which he asserts that: (1) he received ineffective assistance of trial counsel on the grounds that counsel failed to advise him that he could be subject to the 15-year mandatory minimum sentence under the ACCA[3] (Pet. 4; Mem. 2-4) ("Ground 1"); (2) he was entitled to have the ACCA qualifying prior convictions found by a jury pursuant to *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (Pet. 5; Mem. 5-10) ("Ground 2"); and (3) his guilty plea was unknowing and involuntary because he was not advised by the court or his counsel that he could be subject to the ACCA enhancement (Pet. 7; Mem. 10-14) ("Ground 3"). Petitioner's claims fail on several grounds.

### A. The Petition is Untimely

First, as asserted by the government, the petition is untimely. Pursuant to § 2255(f)(1), petitioner had one year to file it from the date on which his judgment of conviction became final. Here, petitioner had until 28 July 2009, which was 90 days after the Fourth Circuit entered its judgment on petitioner's appeal on 29 April 2009 (*see* D.E. 34), in which to petition for a writ of certiorari. *See* Sup. Ct. R. 13.1 (requiring a petition for writ of certiorari to be filed 90 days after the entry of the judgment on appeal). The Fourth Circuit's judgment therefore became final the following day, 29 July 2009, and petitioner's § 2255 petition had to be filed by 29 July 2010. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (pursuant to § 2255(f)(1), petitioner "was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time

---

[3] The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

for seeking such review" (citing *Clay v. United States*, 537 U.S. 522, 532 (2003))). Petitioner did not file his petition until more than three years later, on 3 September 2013.

Petitioner asserts, presumably pursuant to § 2255(f)(3), that his petition is nevertheless timely because it was filed within one year of the date that the United States Supreme Court issued its decision in *Alleyne*. (Pet. 12 ¶ 13; Mem. 14). Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and *made retroactively applicable to cases on collateral review*." § 2255(f)(3) (emphasis added). However, *Alleyne* is not retroactively applicable to cases on collateral review. *See Dunn v. United States*, No. 5:11-CR-274-FL, 2014 WL 6694060, at *2 (E.D.N.C. 26 Nov. 2014) (citing *United States v. Stewart*, 540 F. App'x 171, 172 n.1 (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review.")). Accordingly, the petition is not timely under § 2255(f)(3).

### B. Petitioner's Claims are Without Merit

Independent of their tardiness, petitioner's claims are subject to dismissal for lack of merit. The claims raised in Grounds 1 and 3 involve an issue that was previously decided in his direct appeal. As discussed, the issue was whether the district court's not informing petitioner of the potential ACCA enhancement he faced invalidated his plea, the Fourth Circuit finding that it did not. *See Massenburg,* 564 F.3d at 346. In Ground 1, petitioner seeks to recast this issue as an ineffective assistance of counsel claim, in which he faults counsel rather than the court for not advising him of the potential ACCA enhancement. Ground 3 asserts that his plea was invalid due to his lack of notice from either the court or counsel. The law does not permit a defendant to relitigate in a § 2255 proceeding an issue resolved on direct appeal, as petitioner is attempting to

do. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that a § 2255 petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered [on direct appeal]"); *Stanford v. United States*, No. 5:09-CR-202-D, 2014 WL 2157440, at *3 (E.D.N.C. 23 May 2014) (a § 2255 petitioner cannot "relitigate the same issue he lost on direct appeal . . . by changing the label on his claim"), *appeal dismissed,* 585 F. App'x 43 (4th Cir. 2014); *Reese v. United States*, No. 7:08-CR-34-FL-1, 2014 WL 253440, at *12 (E.D.N.C. 23 Jan. 2014) ("It is thus clear that, in an effort to relitigate issues on which the Fourth Circuit already ruled against him, [petitioner] has cloaked—very thinly—his prior arguments in the language of an unconstitutional-as-applied and ineffective assistance of counsel claim. This is something [petitioner] simply may not do."), *rep. & recomm. adopted by* 2014 WL 253440, at *10, *appeal dismissed,* 570 F. App'x 287 (4th Cir. 2014), *cert. denied,* 135 S. Ct. 997 (2015).

In Ground 2 of the petition, petitioner asserts that, under the Sixth Amendment, he was entitled to have a jury determine beyond a reasonable doubt the fact of the prior convictions that were used to support the application of the ACCA enhancement. Under current Fourth Circuit law, however, prior convictions used as the basis for an ACCA enhancement do not have to be proven to a jury beyond a reasonable doubt. *See United States v. McDowell*, 745 F.3d 115, 123 (4th Cir. 2014) (holding that, under current law, a judge may find the fact of a prior conviction by a mere preponderance of the evidence for the purposes of an ACCA enhancement); *see also Adams v. United States*, No. 5:07-CR-6-FL, 2015 WL 3649812, at *6 (E.D.N.C. 11 June 2015) (same). The Fourth Circuit has recently clarified that this remains the law after *Alleyne* given that, in that case, the Supreme Court "expressly declined to reconsider . . . a narrow exception that allows a judge to find that a defendant's prior conviction occurred." *United States v.*

*Gomez-Jimenez*, 625 F. App'x 602, 604 (4th Cir. 2015), *cert. denied sub nom. Wiggins v. United States*, 136 S. Ct. 1211 (2016).

For the foregoing reasons, the court concludes that petitioner's claims should be dismissed because they are untimely or, alternatively, because they are without merit.

### III. PETITIONER'S MOTION TO AMEND

In his motion to amend, petitioner seeks to add a claim challenging the ACCA enhancement on the basis of the Fourth Circuit's decision in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). In *Davis*, the Fourth Circuit held that where, under North Carolina law, a defendant receives a consolidated sentence for two separate offenses, such sentence must be counted as a single sentence for the purpose of application of the career offender enhancement under United States Sentencing Guidelines § 4B1.1. *Id.* at 217. In the proposed claim, petitioner contends that because the sentences for two of the three convictions found to qualify him for the ACCA enhancement under 18 U.S.C. § 924(e) were consolidated, he does not, in fact, have three qualifying convictions. Petitioner's proposed claim fails on multiple grounds.

First, petitioner's motion to amend is untimely. As with his original petition, it comes more than a year after the judgment of conviction became final. The proposed additional claim is therefore barred by the one-year limitations period in § 2255(f)(1).

The relation back provision of Rule 15(c) cannot rescue the motion to amend from tardiness because that provision can apply only where the original pleading was timely filed. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a *timely filed* original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." (emphasis added)); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) ("[T]o

benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed."). Petitioner's original petition was not, of course, timely filed. The rationale for the requirement that the original petition be timely is evident here: the relation back of the proposed additional claim to the date on which the original petition was filed would be feckless since that filing date is itself tardy under § 2255(f)(1).

Even if the original petition had been timely, the relation back provision would not apply to the proposed claim because it lacks an adequate nexus to the petitioner's original claims. Although, like the original claims, the proposed claim challenges application of the ACCA enhancement, it does so on a new factual basis—one of the qualifying convictions having a consolidated sentence. *See Davenport,* 217 F.3d 1341, 1344 (11th Cir. 2000) (holding that untimely § 2255 claims "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings").

Further, like *Alleyne*, *Davis* is not retroactively applicable to cases on collateral review. *See Lee v. United States*, Nos. 7:07-CR-79-D, 2013 WL 5561438, at *3 (E.D.N.C. 3 Oct. 2013) (holding that *Davis* "announced a purely procedural rule that is not retroactive on collateral review"). Moreover, the Fourth Circuit has clarified that *Davis* is not applicable to ACCA enhancements. *See United States v. Benn*, 572 F. App'x 167, 181 (4th Cir. 2014) (holding that "*Davis* . . . does not apply to the armed career criminal context"); *see also Lester v. United States*, No. 5:07-CR-169-D, 2014 WL 4105677, at *2 (E.D.N.C. 19 Aug. 2014) (same), *appeal dismissed,* 589 F. App'x 99 (4th Cir. 2014). The reason is that even when consolidated for sentencing, prior North Carolina convictions used to support an ACCA enhancement may be counted separately where the underlying offenses were committed "on occasions different from one another." 18 U.S.C. § 924(e)(1); *see also United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir.

1998) (noting that the career offender guideline provision and the ACCA provision use different methods for determining when to count prior offenses as a single conviction); *Lester*, 2014 WL 4105677, at *2 (rejecting petitioner's *Davis* challenge to his ACCA enhancement because it is irrelevant that petitioner received a consolidated sentence for the ACCA qualifying convictions).

For the foregoing reasons, petitioner's motion to amend should be denied.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 51) to amend be DENIED, the government's motion (D.E. 43) to dismiss be GRANTED, and the § 2255 petition (D.E. 39) be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 27 June 2016 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure**

**to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of objections.

SO ORDERED, this 13th day of June 2016.

James E. Gates
United States Magistrate Judge